```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                         SOUTHERN DIVISION
                            AT PIKEVILLE
```

**CIVIL ACTION NO. 2008-52 (WOB)**

ZELLA HALL                                                    PLAINTIFF

VS.                           <u>OPINION AND ORDER</u>

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                               DEFENDANT


    This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 10) and the cross-motion for summary judgment of the defendant (Doc. 11).

    In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." <u>Alexander v. Apfel</u>, 17 Fed. Appx. 298, 300 (6th Cir. 2001) (citing <u>Buxton v. Halter</u>, 246 F.3d 762, 772-73 (6th Cir. 2001)).

    In order to qualify for benefits, the claimant must establish that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity." Id. at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate she suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work. Id. Lastly, even if the claimant cannot perform her past relevant work, she is not

2

disabled if she can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the hearing, the claimant was forty-one years old and has a high school education plus two years of training as a medical assistant. She has past relevant employment as a cook in a retail store cafeteria and as a supervisor. The claimant alleges she became disabled on May 1, 2003 due to the effects of pancreatitis. Later, she supplemented her application to include claims of pain in the back, right arm, joints, and feet, arthritis, nerve problems, depression, anxiety, nervousness and tumors in both feet. (AR 84).

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity since her onset date. At step two, the ALJ determined that the claimant's pancreatitis is a severe impairment. At step three, the ALJ determined that, although claimant has an impairment that is "severe," she does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1. Prior to step four, the ALJ determined that the claimant had the

3

residual functional capacity ("RFC") for medium work. At step four, the ALJ found the claimant could perform her past relevant work and, therefore, the ALJ found that the claimant was not disabled.

The claimant's only argument is that the ALJ erred in acting as his own medical expert because the medical reviewers did not have the total body nuclear bone scan and bone densitometry study, which revealed her bones were osteopenic[1] when compared to the average twenty-five[2] year old Caucasian woman and she may have some degenerative changes in her lower lumbar spine.

The record contains no medical evidence to suggest, however, that the claimant's osteopenia causes her any limitations beyond that found by the ALJ. In fact, no medical source has articulated any limitations that impact on the claimant's RFC. See Maher v. Secretary of Health and Human Services, 898 F.2d 1106, 1109 (6th Cir. 1987)(citing Nunn v. Bowen, 828 F.2d 1140, 1145 (6th Cir. 1987))("lack of physical restrictions constitutes substantial evidence for a finding of non-disability"). To the contrary, in the discharge summaries for claimant's May 2004 and May 2005 hospitalizations, the physicians specifically indicated that the claimant had no restrictions/limitations. (TR 119, 192).

Instead, the medical records establish that the claimant

---

[1] "Osteopenia refers to bone mineral density (BMD) that is lower than normal peak BMD but not low enough to be classified as osteoporosis." www.webmd.com/osteoporosis/tc/osteopenia-overview.

[2] The claimant was almost 40 years of age on the date of the bone densitometry analysis.

4

suffers from chronic pancreatitis, which responds well to conservative treatment.  Occasionally, a pancreatic flare-up will radiate to her back. The ALJ accurately found that the claimant's pancreatitis is a severe condition and considered the limitations posed by this impairment in reaching the RFC determination. There is no evidence that the claimant's reduced bone density causes her any limitations beyond those found by the ALJ. Despite the lack of medical evidence suggesting limitations, the ALJ gave the claimant the benefit of the doubt in finding she could perform at the medium level.

This is not a case where the ALJ rejected the findings of a treating physician over a consulting physician.  Here, there is no opinion, by any medical source, that the claimant has any greater limitations than those found by the ALJ.  In fact, the record would suggest the claimant has no limitations.  Just a few months prior to the bone scan, a hospital assessment reported that claimant walks frequently, had no impairment for mobility, moves independently and had a normal musculoskeletal assessment with a full range of motion.  (AR 198-99).  The remaining medical records pertain to her recurrent pancreatitis and a broken wrist.

As in <u>Nunn</u>, the court finds that, if the treating physicians did not find it necessary to advise the claimant of a need to restrict her activities, it was not erroneous for the ALJ to determine that the claimant did not have such severe limitations to render her disabled under the Social Security Act.  <u>Nunn</u>, 828 F.2d at 1145.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence. Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 10) be, and it hereby is, **denied**; and that the cross-motion for summary judgment of the defendant (Doc. 11) be, and it hereby is, **granted**. That a separate Judgment shall enter concurrently herewith.

This 28th day of August, 2008.



**Signed By:**
*William O. Bertelsman*
**United States District Judge**

6